Dear Mr. McElroy:
You ask whether the law prohibits a person from serving in the appointed position as member of the governing board of the Berwick Development District while serving as elected council member for the Town of Berwick.
The Berwick Development District was created by the legislature as a political subdivision of the state, and is governed by a board of commissioners. R.S. 33:2740.31(A) states:
 A. There is hereby created a body politic and corporate of the state which shall exist in perpetuity and be known as Berwick Development District, hereinafter referred to as the "district". The district shall be composed of all of the territory located within the town of Berwick, as now incorporated or hereafter annexed or as acquired by the town of Berwick. The district shall be a political subdivision of the state as defined in the Constitution of Louisiana. The district, acting through its board of commissioners as the governing authority of the district, is hereby granted all of the rights, powers, privileges, and immunities accorded by laws and the Constitution of Louisiana to political subdivisions of the state, including but not limited to the power to incur debt and issue revenue and general obligation bonds, to issue certificates of indebtedness, to issue bonds and certificate anticipation notes, to issue refunding bonds, and the power of taxation, subject to the limitations hereinafter provided.
The governing board of the district consists of five members appointed by the mayor of the Town of Berwick and confirmed by the town council. See R.S. 33:2740.31(C)(1).
The statutes pertaining to dual officeholding and dual employment are set forth in R.S. 42:61, et. seq. Of particular import to your question are the provisions of R.S. 42:64, stating:
 A. In addition to the prohibitions otherwise provided in this Part, no other offices or employments shall be held by the same person in combination if any of the following conditions are found to pertain and these prohibitions shall exist whether or not the person affected by the prohibition exercises power in conjunction with other officers:
 (1) The incumbent of one of the offices, whether or not in conjunction with fellow officers, or employment has the power to appoint or remove the incumbent of the other, except that local governmental subdivisions may appoint members of the governing body to boards and commissions created by them and over which they exercise general powers as provided in Article VI, Section 15 of the Constitution of Louisiana . . .
Since the board of commissioners of the Berwick Development District was created by the legislature and not by any of the local governmental subdivisions having authority to appoint members of that board, no member of any of the governing authorities having the power to appoint or confirm the appointment of a member of the board could fill one of the positions appointed by that governing authority. The governing board of the district consists of five members appointed by the mayor of the Town of Berwick and confirmed by the town council. Thus, R.S. 42:64(A)(1) dictates that the holding of these two positions is prohibited.
This office renders legal opinions concerning the application of the dual officeholding law. Questions concerning the Code of Governmental Ethics should be forwarded to the Louisiana State Board of Ethics, 2415 Quail Drive, Baton Rouge, LA 70808, phone 225-763-8777.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg